467 So.2d 12 (1985)
Shirley SEABERRY
v.
T.G. & Y. STORES COMPANY.
No. CA 84 0038.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Rehearing Denied April 12, 1985.
Writ Denied June 7, 1985.
*13 Hobart O. Pardue, Jr., Springfield, for plaintiff-appellee Shirley Seaberry.
Alton B. Lewis, Jr. of Pittman, Matheny, Lewis & Moody, Hammond, for defendant-appellant T.G. & Y. Stores Co.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Defendant, T.G. & Y. Stores Company, appeals from a judgment awarding worker's compensation benefits, penalties and attorney's fees to plaintiff, Shirley Seaberry. Plaintiff, a 35-year-old female, injured her back when she fell down some stairs on May 13, 1980, while in the course and scope of her employment for defendant.
Plaintiff filed suit on July 18, 1980. Trial of the matter was held on June 22, 1982. The court issued an opinion awarding compensation from the date of the accident until June 25, 1981, the date the court determined that plaintiff had recovered. The court denied penalties and attorney's fees. Judgment in conformity with the opinion was rendered and signed on October 22, 1982.
Defendant then filed a motion for a new trial, which was granted. The new trial was held on July 27, 1983. On October 20, 1983, the court issued an opinion finding that plaintiff was disabled for the same amount of time as previously determined in the first trial. The court further found that defendant was arbitrary and capricious in its failure to pay compensation and awarded statutory penalties and attorney's fees in the amount of $1,500.00. Judgment was signed in conformity with that opinion on November 4, 1983.
We note at this point that defendant paid to plaintiff the sum of $1,092.00 in settlement for compensation covering the period of May 26, 1980 through August 22, 1980, inclusive. Although this settlement was set aside by the court, the money was not returned to defendant, nor did the court make the November 4, 1983, judgment subject to credit for the amount received by plaintiff.
Defendant's specifications of error revolve around three central issues: (1) plaintiff's entitlement to compensation benefits, (2) the trial court's failure to make its final judgment subject to the $1,092.00 already paid by defendant and (3) the award of penalties and attorney's fees.
Defendant argues initially that plaintiff should be barred from receiving compensation because she refused to sign defendant's medical release form and refused to keep an appointment with defendant's doctor. Defendant bases its argument on LSA R.S. 23:1121-1124, in particularly section 1124. LSA R.S. 23:1124 provides:
If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.
*14 Thus, defendant contends that plaintiff's right to compensation was suspended under this statute until the time that plaintiff saw defendant's doctor. We disagree.
An employer is not entitled to suspend a disabled employee's right to compensation for the employee's failure to report for a medical examination, except where such medical examination has previously been judicially determined to be reasonable. Richardson v. Weitz Company, 202 So.2d 361 (La.App. 1st Cir.1967). Defendant argues that this rule applies solely to ongoing compensation payments and not to an initial right of compensation. We are of the opinion that the suspension of the right to compensation is a drastic remedy that should not have been performed without a contradictory hearing under these facts. The alternative to defendant's argument that an employer simply rule the claimant into court for a determination of reasonableness, poses less of a potential for abuse of a claimant's rights. Accordingly, we find that plaintiff's right to compensation was not suspended under the facts of this case.
Defendant also contends that the trial court erred in its finding that plaintiff's disability ended on June 25, 1981. Defendant submits that plaintiff's disability ceased on either August 5, 1980, or August 7, 1980. On each of these latter two dates, plaintiff brought defendant a handwritten note on a prescription pad from her treating physician at Lallie Kemp Charity Hospital. Both notes stated that plaintiff "may return to work." Additionally, the first note had "lumbrosacral strain" written on it. At the time, T.G. & Y. took the position that neither note was sufficient medical release and refused to allow plaintiff to return to work. It is interesting, however, that on appeal defendant takes the opposite position that either note was sufficient to indicate plaintiff's disability had terminated.
It is clear from the record that plaintiff continued to be treated for her injury past August 7, 1980. Additionally, we note that plaintiff testified that the reason she attempted to return to work, although still in pain and being treated for her back, was because neither she nor her husband had any income at the time. This testimony was corroborated by plaintiff's husband. Based upon the testimony and the evidence presented, we are of the opinion that the trial court was not clearly erroneous in its finding of fact that plaintiff's disability did not terminate until June 25, 1981. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Defendant's argument that the trial court erred in failing to make the judgment of November 4, 1980, subject to a credit in the amount of $1,092.00 for amounts previously received by plaintiff is valid. Accordingly, the judgment of the trial court is modified by subtracting $1,092.00 from the final award.
Further, we agree with defendant's contention that penalties and attorney's fees were not warranted under the facts of this case. An award of penalties and attorney's fees in a worker's compensation suit is penal in nature. That sanction should be strictly construed and imposed only in those instances in which the facts negate probable cause for nonpayment. Morgan v. Offshore Hammers, Inc. 439 So.2d 491 (La.App. 1st Cir.1983). Under the facts of this case defendant's failure to pay compensation was based upon their good faith belief that plaintiff's right of compensation had been suspended under LSA R.S. 23:1124, as discussed above. Accordingly, defendant's actions were not arbitrary, capricious, or without probable cause, under the circumstances and, thus, we must reverse the trial court's award of penalties and attorney's fees.
For the above and foregoing reasons, the trial court's award of compensation in the amount of $4,872.00 is modified to $3,780.00. That portion of the judgment awarding penalties and attorney's fees is reversed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be taxed equally between appellant and appellee.
*15 AFFIRMED IN PART, REVERSED IN PART AND RENDERED AS MODIFIED.