LABORDE, Judge.
Following his employer’s discontinuance of workers compensation benefits after January 21, 1990, for an on-the-job accident, plaintiff filed a claim for workers compensation dis *1371 ability benefits. In this proceeding, his defendant-employer and its insurer appeal the hearing officer’s finding claimant temporarily totally disabled beyond January 21,1990, and their termination of benefits arbitrary and capricious. We affirm.
FACTS
On June 2, 1989, claimant Walter Foreman, a roustabout for Texaco, Inc., was injured while he and a co-worker were carrying a joint of pipe tubing. As a consequence of the injury, the Office of Workers Compensation recommended that the employer pay plaintiff temporary total disability benefits until he was able to return to work. Texaco paid these benefits for several months, although it disputed the Office of Workers Compensation’s initial recommendation.
The current dispute arises from discontinuance of plaintiffs benefits in the amount of $267.00 after January 21,1990. Without pri- or approval, Texaco discontinued its payments due to plaintiffs refusal to sign a medical records release form that its physician, Dr. Nuttick, required before examining plaintiff some one hundred fifty miles from plaintiffs home, in New Orleans.
The threshold question we face is whether defendants were reasonable in their discontinuance of claimant’s temporary total disability benefits on this basis, given the employer’s failure to obtain a prior determination that Dr. Nuttick’s examination was reasonable. Reiterating that the law with rare exception requires such approval prior to termination or suspension of benefits, see, e.g., Green v. Liberty Mutual Insurance Co., 184 So.2d 801 (La.App. 3d Cir.1966), we affirm the hearing officer’s conclusion that plaintiff here remained entitled to temporary total disability.
Confronted with an employer who has terminated an employee’s compensation benefits for his purported failure to appear for a medical examination without having first obtained a contradictory hearing, the hearing officer correctly refused to reach the question of whether a change in claimant’s disability status was warranted. Our disposition on this ground obviates the need for our second-guessing the hearing officer’s evaluation of conflicting evidence, medical and lay, some of whose admissibility has been called in to question: for the reasons set forth below, our review of only the uncontested evidence before the finder of fact leads us to affirm the hearing officer’s decision.
Analysis
An employer who chooses not to utilize in good faith the safe harbor provisions offered by LSA-R.S. 23:1124 and 23:1127 does so at its peril, not its employee’s.
The requirement that employers obtain a contradictory hearing before suspending or terminating compensation benefits under LSA-R.S. 23:1124 is a fair one, as claimants are to be protected from the potential for abuse which would exist were workers’ rights to benefits subject to unilateral suspension by their employers. See Seaberry v. T.G. & Y Stores Co., 467 So.2d 12 (La.App. 1st Cir.), writ denied, 470 So.2d 121 (La.1985). In the absence of such a prior determination, even injured workers who fail to appear for medical exams lawfully willed upon them by their employer are not precluded from judgment in their favor, see, e.g., Ripp v. Maryland Casualty Company, 221 So.2d 899 (La.App. 4th Cir.1969); certainly, a less favorable opinion is not warranted where the injured worker does appear, at least in the absence of clear and convincing evidence that the worker appears in bad faith.
Moreover, an employer is not permitted to unilaterally suspend its worker’s compensation benefits on grounds that its worker refused to sign a medical release. Seaberry, supra, at 13. We reject defendants’ claim that an exception to this rule should be carved out on the tenuous facts of the instant proceeding. In the instant case, the medical release was thrust upon an injured worker on less than hospitable terrain, one hundred and fifty miles from home, at the last moment, without the benefit of retained counsel known to defendants, and just minutes before an appointment for a medical examination by a doctor retained by an adverse party and previously unknown to the *1372 claimant. Thus, even assuming arguendo that a worker’s failure to appear for an employer-devised medical examination could lead to an employer’s ex parte termination of benefits, the conclusion reached by the hearing officer was correct.
Having failed to obtain prior approval for the claimant’s examination under LSA-R.S. 23:1224, claimant’s benefits should not have been discontinued or reduced before a contradictory hearing was held, Seaberry, supra, at 14, since plaintiff was neither discharged from treatment nor returned to light duty work. See, e.g., Tassin v. Cigna Ins. Co., 583 So.2d 1222, 1225 (La.App. 3d Cir.1991). The employer’s suspension of benefits in this case, under the guise of LSA-R.S. 23:1124, was forbidden, see Smith v. Northwestern Nat. Ins. Co., 432 So.2d 1102, 1105 (La.App. 3d Cir.1983); after all, it was not claimant’s fault that defendants did not avail Dr. Nut-tick, their doctor, of the documents in their possession or avail themselves of the subpoena provisions of LSA-R.S. 23:1127 (Release of medical records, etc. to employer and insurer; health providers not enumerated).
The record contains no evidence that calls for a change in claimant’s status beyond January 21, 1990, and defendants, having failed to pursue their legal right to have claimant examined by a means that is fair to injured worker and employer alike, cannot now be saved by testimony that corroborates claimant’s claim that his medical care persisted both before and after defendants’ unilateral suspension of benefits.
Conclusion
In light of defendants’ failure to show that a change in status was warranted, we affirm the findings of the hearing officer, including her imposition of penalties and attorney fees,[1] without offering our views as to whether plaintiffs claim to disability could have survived an appropriately requested examination.
Claimant did not request additional attorney fees for effort expended on this appeal by appealing or filing an answer to defendants’ appeal, LSA-CCP art. 2133, and we order none.
Decree
AFFIRMED. Costs assessed to defendants-appellants.

. Having failed to pursue their legal rights to have claimant examined by a means that is in accordance with law and fair to worker and employer alike, defendants cannot be saved by testimony that corroborates plaintiff-appellee's argument that the need for medical care persisted beyond defendants' unilateral actions. Moreover, while an employer's unilateral termination of benefits for failure to attend a medical examination or sign a release of medical records has occasionally been less than arbitrary and capricious, see, e.g., Seaberry, supra, the same cannot be said in light of the circumstances which give rise to the instant controversy.