719 So.2d 1164 (1998)
CITY OF JENNINGS, Plaintiff-Appellant,
v.
Alpheus CLAY, Defendant-Appellee.
No. 98-225.
Court of Appeal of Louisiana, Third Circuit.
October 14, 1998.
Rehearing Denied November 9, 1998.
*1165 Christopher R. Phillip, Lafayette, for City of Jennings.
Michael Benny Miller, Crowley, for Alpheus Clay.
Before YELVERTON, PETERS and AMY, JJ.
YELVERTON, Judge.
In this workers' compensation matter, the employer, the City of Jennings, filed a disputed claim form requesting that the Office of Workers' Compensation compel Alpheus Clay, an injured employee, to undergo examinations by two specialists as well as a vocational rehabilitation evaluation. Furthermore, the City of Jennings sought a reduction in compensation benefits due to Clay's failure to attend the previously-scheduled appointments. We reverse in part and render.

FACTS
The record in this matter reveals that the defendant, Alpheus Clay, was an employee of the plaintiff, the City of Jennings, when he sustained neck and back injuries on June 22, 1996. On the day of the accident, Clay was sent by the City to Dr. McGregor, a general practitioner. Thereafter, he was cared for by his choice of neurologists, Dr. Thomas Bertuccini.
Dale Cronin, a claims representative for Risk Management, Inc., handled Clay's claim *1166 for workers' compensation benefits. He testified that he scheduled a March 25, 1997 appointment for Clay to be examined by Dr. Gregory Gidman, an orthopedic surgeon, and subsequently informed Clay's attorney of the date. Cronin stated that such an examination was scheduled in order to obtain another opinion as to Clay's capabilities. Clay, however, did not attend the scheduled appointment. Due to this failure to attend, the employer was charged, and subsequently paid, a $200 no-show fee. Cronin scheduled a second appointment for Clay with Dr. Gidman for May 13, 1997, and once again he informed the claimant's attorney of the date. Again, Clay did not appear for the appointment at the scheduled time.
Cronin's testimony reveals that he also scheduled an appointment for Clay to be examined by Dr. Robert Rivet, a neurosurgeon, who had previously examined Clay in December 1996. Cronin stated that he wanted to get an "update" on Clay's capabilities. Once again, Cronin informed Clay's attorney of the date, and once again, Clay did not report for the appointment.
Finally, Cronin testified that he attempted to have Clay evaluated by Mark Cheairs of Jus-Mar, a rehabilitation firm. He stated that he contacted the rehabilitation firm after receipt of Dr. Bertuccini's May 1997 report. The record reveals that, after this contact by Cronin, Cheairs began corresponding with Clay's attorney in order to schedule an evaluation. However, no appointment was forthcoming.
The instant matter was instituted when the City of Jennings filed a claim form and several motions seeking to compel examinations by Dr. Gidman and Dr. Rivet. Furthermore, the employer sought cooperation with vocational rehabilitation efforts and a reduction in workers' compensation benefits pursuant to La.R.S. 23:1124 and La.R.S. 23:1226(E).
Following a hearing on the matter, the workers' compensation judge granted the motion to compel only as it related to the examination by Dr. Rivet and vocational rehabilitation. The workers' compensation judge denied the employer's request for a reduction in benefits. The City of Jennings appeals the judgment of the Office of Workers' Compensation.

LAW OF THE CASE
In brief, Clay's counsel correctly points out that a panel of this court has previously ruled on the exact matter now before us. After the ruling of the workers' compensation judge, the City of Jennings submitted the same issues to this court by way of writ application. Two members of the three-member writ panel voted to deny the writ. Thus, the writ was denied.
Generally, review of an issue previously addressed by this court would be precluded by the law of the case doctrine. Barnett v. Jabusch, 94-819 (La.App. 3 Cir. 2/1/95); 649 So.2d 1158. The doctrine applies to all decisions of an appellate court and not merely those arising from the full appeal process. Hawthorne v. Hawthorne, 96-89 (La.App. 3 Cir. 5/22/96); 676 So.2d 619, writ denied, 96-1650 (La.10/25/96); 681 So.2d 365. However, the doctrine is not an absolute bar to reconsideration; rather it is discretionary. See Ducote v. City of Alexandria, 97-947 (La.App. 3 Cir. 2/4/98); 706 So.2d 673. Courts should apply the doctrine only when there is no obvious injustice or manifest error. Id; Martin v. Provencher, 97-1648 (La. App. 3 Cir. 5/6/98); 718 So.2d 975. Because, in this instance, we find error in this court's prior decision, we do not find the previous decision to deny the employer's writ application to be the law of the case.

EXAMINATION BY ORTHOPEDIC SURGEON
The City first argues that the workers' compensation judge erred in not compelling Clay to undergo examination by Dr. Gidman, an orthopedic surgeon. The employer contends that La.R.S. 23:1121(A) permits such an examination by an orthopedist since the injury was to Clay's neck, he had never been examined by an orthopedic surgeon, and an evaluation was necessary in order to provide proper vocational rehabilitation. Clay maintains that the workers' compensation judge correctly determined that an examination by Dr. Gidman was unnecessary *1167 since he had been evaluated by two general practitioners and two neurosurgeons.
La.R.S. 23:1121(A) (emphasis added) provides as follows:
An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer or his workers' compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee.

The record in this matter reveals that Clay was examined on the day of the accident by the employer's choice of general practitioner. Thereafter, he was treated by his choice of neurosurgeon and was examined by the employer's choice of neurosurgeon. This is not a situation where Clay has been previously examined by an orthopedist of the employer's choice, since at no time was he ever examined by a physician in this field. It would appear that, in a case involving neck and back injuries, examination by an orthopedist is reasonable and, further, would be statutorily required since this is the employer's first request for an examination by a specialist in this field. Thus, we find the lower court's refusal to compel an examination by Dr. Gidman to be erroneous.

SANCTIONS FOR FAILURE TO SUBMIT TO EXAMINATION
Next, the employer contends that the workers' compensation judge erred in denying the request for sanctions pursuant to La.R.S. 23:1124 as Clay did not submit to a scheduled appointment with Dr. Rivet, an examination found to be reasonable at the hearing. The City also claims that the workers' compensation judge erred in denying the request for sanctions for Clay's refusal to attend the scheduled appointments with Dr. Gidman.
At the time of the work-related accident at issue, La.R.S. 23:1124 provided for suspension of an employee's benefits when an employee refused to submit himself to a medical examination as follows:
If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.
However, an employer is not entitled to suspend a disabled employee's right to compensation for failure to report for a medical examination until there has been a prior judicial determination that the medical examination requested by the employer is reasonable. Foreman v. Texaco, Inc., 93-900 (La. App. 3 Cir. 3/2/94); 634 So.2d 1370. Foreman relied on Green v. Liberty Mutual Insurance Company, 184 So.2d 801 (La.App. 3 Cir.1966), which was a case of first impression on this issue by this court. Green, 184 So.2d at 806, specifically held that,
For the drastic remedy of suspension of subsistence compensation to apply, we hold that a prior judicial determination must have been made that the employer-requested medical examination is reasonable as to time, place, and circumstances, following which the employee then defaulted in his judicially-determined obligation to report for this particular medical examination.
Since there was no prior judicial determination that the appointments with Drs. Gidman and Rivet were reasonable, the workers' compensation judge was correct in denying the request for suspension of Clay's benefits pursuant to La.R.S. 23:1124. Only if Clay now refuses to attend these appointments would a suspension of benefits be proper.

SANCTIONS FOR FAILURE TO SUBMIT TO VOCATIONAL REHABILITATION
The City of Jennings also maintains that, since the workers' compensation judge *1168 compelled a vocational rehabilitation examination, it was error to refuse to impose a reduction in benefits for the previous failure to schedule and report for the evaluation.
La.R.S. 23:1226(E) provides, in part, as follows: "Refusal to accept rehabilitation as deemed necessary by the workers' compensation judge shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal."
The record is clear that Dale Cronin contacted Jus-Mar Rehabilitation to schedule a vocational rehabilitation evaluation of Clay. Further, Mark Cheairs, the rehabilitation specialist handling the matter, began correspondence with Clay's attorney in order to schedule the initial evaluation. However, the correspondence, which was entered into the record, reveals that Cheairs refused to complete the "Agreement to Provide Rehabilitation Services" required by Clay's attorney. Although there is no statutory provision allowing an employee to require such an agreement, Clay never submitted to an evaluation.
This court has previously addressed a similar situation in Romero v. Grey Wolf Drilling Co., 594 So.2d 1008 (La.App. 3 Cir.1992), wherein the panel upheld a reduction of a claimant's benefits due to the plaintiff's attorney's failure to adequately cooperate with rehabilitation efforts. In Romero, 594 So.2d at 1016-19, the court wrote as follows:
Plaintiff, through his attorney, resisted all efforts of Eileen Figuroa to schedule appointments for evaluations in order to determine the appropriate rehabilitation services Crawford would offer.
Faced with the obduracy of plaintiff's counsel, the defendants filed a rule on May 24, 1990, to require plaintiff to show cause why his weekly compensation benefits should not be reduced by 50% because of his refusal to accept the offered rehabilitation services as authorized by LSA-R.S. 23:1226(E).... On the trial of the rule on July 2, 1990, the trial court found for defendants and reduced Romero's weekly compensation benefits by 50%....
We find no merit to plaintiff's appeal in number 90-1354 and affirm the trial court's reduction of benefits. The record disclosed calculated obfuscation by Romero's attorney concerning the attempt of Crawford to provide rehabilitation services....
....
We find no manifest error in these findings of the trial court and no abuse of discretion in the reduction of plaintiff's SEB by one-half. Accordingly we affirm the trial court in this regard.
Furthermore, the supreme court recently reduced benefits retroactively by 50% for each week that the claimant refused rehabilitation services until the claimant agreed to accept such services. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551.
As in Romero, we find nothing to disallow the mandatory reduction of benefits required by La.R.S. 23:1226(E). Therefore, we find error in the workers' compensation judge's failure to impose a reduction after ordering Clay to attend the vocational rehabilitation evaluation.
For the foregoing reasons, the determination of the Office of Workers' Compensation is reversed with regard to the examination by an orthopedic surgeon and the denial of the imposition of sanctions pursuant to La.R.S. 23:1226(E). Otherwise the judgment is affirmed. Therefore, we amend that portion of the decision of the Office of Workers' Compensation and order the defendant, Alpheus Clay, to undergo an examination by the employer's choice of orthopedic surgeon, Dr. Gregory Gidman. Pursuant to La.R.S. 23:1226(E), benefits are reduced by 50% for each week that Clay refused or refuses to accept rehabilitation services retroactive to October 3, 1997, when Cheairs formally requested that Clay's attorney make Clay available for an initial evaluation. We, therefore, reinstate the judgment of the Office of Workers' Compensation as amended. All costs of this appeal are assigned to defendant, Alpheus Clay.
REVERSED IN PART; OFFICE OF WORKERS' COMPENSATION JUDGMENT REINSTATED AS AMENDED.
AMY, J., concurs in part and dissents in part and assigns reasons.
*1169 AMY, Judge, concurring in part, dissenting in part.
I concur in the majority's disposition of this matter except for that portion of the opinion addressing the imposition of sanctions for failure to attend the medical examinations. In my opinion, La.R.S. 23:1124 requires that benefits be suspended for the failure to attend medical examinations judicially determined to be reasonable, namely, those by Dr. Rivet and Dr. Gidman. Therefore, I dissent in this regard.
While true that an employer cannot unilaterally suspend benefits without a prior determination of reasonableness by a workers' compensation judge, see Foreman v. Texaco, Inc., 93-900 (La.App. 3 Cir. 3/2/940); 634 So.2d 1370, it is my view that La.R.S. 23:1124 requires suspension of benefits for a previous failure to attend a scheduled examination which was only later determined to be reasonable. La.R.S. 23:1124 operates in this respect similar to La.R.S. 23:1226(E) which the courts have applied to a refusal to attend when the rehabilitation examination was subsequently deemed to be reasonable. See Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551; Ramogasse v. Lafitte Welding Works, 93-682 (La.App. 5 Cir. 12/13/95); 666 So.2d 1176; Romero v. Grey Wolf Drilling Co., 594 So.2d 1008 (La.App. 3 Cir.1992).
Accordingly, as I find that the workers' compensation judge should have found examination by both Dr. Rivet and Dr. Gidman to be reasonable, I conclude that Clay's benefits should be suspended pursuant to La.R.S. 23:1124 until the attendant examinations have been performed.