STEWART, J.
 

 11 Plaintiff-Appellant, the State of Louisiana, through Grambling State University (“Grambling”), is appealing a written judgment rendered in favor of Defendant-Ap-pellee, Martha Walker. For the following reasons, we affirm the lower court’s judgment denying the state’s request for a second medical opinion and its determination that the requirement to complete a Choice of Physician form pursuant to La. R.S. 23:1121(B) was inapplicable.
 

 Facts
 

 Ms. Walker was injured in three different accidents while working as a cook at Grambling. The first accident occurred in 1987, the second on November 16, 1990, and the third on September 9, 1992. The third accident is the accident that gives rise to this matter. All three claims were assigned to Freddie Adkins, who is an adjuster for the State of Louisiana, Office of Risk Management.
 

 Ms. Walker received medical care from a neurologist, Dr. Warren Long, for her second and third accidents. During Ms. Walker’s treatment for her third injury, Dr. Long referred her to a rheumatologist, Dr. Christopher D. Burda. Dr. Burda died after the trial of this claim, and Dr. Long is currently treating her.
 

 In May of 2006, the Office of Risk Management requested that Ms. Walker submit to a medical examination, which was represented to be a second medical opinion in order to determine what part of her current condition resulted from her work-related accident that occurred on September 9,1992. Ms. Walker refused to submit to the second medical |2opinion because she alleged that the Office of Risk Management had chosen the physicians who treated her. As a result, the state filed a disputed claim for compensation against Ms. Walker on October 2, 2006, seeking compliance with the request for the second medical opinion. Additionally, Grambling contended that Ms. Walker was required to execute a Choice of Physician form, and upon her refusal to do so, her medical benefits should be suspended pursuant to La. R.S. 23:1121(B). The trial for this matter was held on June 12, 2008.
 

 Ms. Barbara Rachel, the state claims adjuster assigned to Ms. Walker’s claim in
 
 *1191
 
 August of 2003, after Mr. Adkins death, testified that Ms. Walker was under the medical care of Dr. Long prior to her third accident. She further testified that Ms. Walker’s file did not contain any documentation that she was instructed by the state to seek medical treatment from Dr. Long.
 

 Ms. Suzanne Mitton, who is a medical case manager and rehabilitation counselor who is currently employed by Thomas and Associates, testified that she was hired by the state in 2006, to schedule the second opinion appointment with an orthopaedic doctor and a rheumatologist for Ms. Walker. After arranging the second opinion appointments with an orthopaedic doctor, Dr. Gordon Mead, and a rheumatologist, Dr. Merlin Wilson, she advised Ms. Walker and her attorney of these appointments. Ms. Mitton testified that she received correspondence from Ms. Walker’s counsel indicating that she would not be submitting to the medical examinations for the second medical opinion |sbecause all of her doctors were chosen by the state. Ms. Mitton then informed the state adjuster assigned to Ms. Walker’s claim, Ms. Barbara Rachel, of Ms. Walker’s response. Ms. Rachel instructed Ms. Mitton to reschedule the second opinion appointments. Ms. Mitton made a second attempt to schedule a second opinion, but Ms. Walker did not comply with the attempt.
 

 After reviewing the file information provided by the state upon hire, Ms. Mitton testified that she failed to find any documentation indicating that Grambling referred or instructed Ms. Walker to go and seek medical treatment from Dr. Long in connection with the third work-related accident that occurred on September 9,1992. Additionally, Grambling argued that Ms. Walker’s medical records indicate that she was under the medical care of Dr. Long prior to the September 9, 1992, accident. The medical records reveal that Ms. Walker was referred by Dr. Raymond Dennie to Dr. Long for a neurological consultation on December 4, 1990, after the second accident that occurred on November 16, 1990. She was seen by Dr. Long on several occasions between December 4, 1990, to November 24,1992.
 

 Dr. Long’s testimony was introduced via deposition. In his deposition, he admitted that Ms. Walker sought medical treatment from him from December 4, 1990, to November 24, 1992, in connection with the second and third accident.
 

 Ms. Walker testified that she was referred to Dr. Long by the state’s previous claims adjuster, Mr. Freddie Adkins. She alleges that Mr. Adkins’ office always arranged her appointments with Dr. Long and contacted her 14by telephone to inform her of the upcoming appointments. She denied ever requesting any appointments with Dr. Long.
 

 On August 25, 2009, Worker’s Compensation Judge Ryan Gatti (“WCJ”), issued a judgment denying the state’s request for a second medical opinion, after determining that Dr. Long was its choice of physician. Therefore, a suspension of benefits was unwarranted. Additionally, the WCJ determined that the requirement to complete a Choice of Physician form pursuant to La. R.S. 23:1121(B) was inapplicable because that portion was not effective at the time that the accident occurred. The state has filed the instant appeal.
 

 Law and Discussion
 

 Right to Compensation
 

 Grambling asserts two assignments of error in its appeal. In the first assignment, it contends that the WCJ erred in failing to grant its claim to suspend Ms. Walker’s right to compensation and in failing to initiate any further proceedings for her refusal to submit to the medical examination.
 

 
 *1192
 
 Grambling asserts that it did not instruct Ms. Walker to seek Dr. Long for medical treatment. Therefore, it is entitled to a second medical opinion because Ms. Walker has not been seen by a physician of its choice.
 

 Factual findings in worker’s compensation cases are subject to the manifest error or clearly wrong standard of appellate review.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840 (La.7/1/97), 696 So.2d 551. In applying the manifest error-clearly wrong standard, the appellate court does not determine whether the trier of fact was right or |flwrong, but determines whether the factfinder’s conclusion was a reasonable one.
 
 Id.
 
 Where there are two permissible views of evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Sistler v. Liberty Mutual Ins. Co.,
 
 558 So.2d 1106 (La.1990).
 

 La. R.S. 23:1121 states:
 

 A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer or his worker’s compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee.
 

 B. The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain pri- or consent from the employer or his workers’ compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
 

 In the instant case, the record indicates that Dr. Warren Long treated Ms. Walker for her work-related accident that occurred on September 9, 1992. In fact, Dr. Long testified in his deposition that he treated her from December 4, 1990 to November 24, 1992, at which time he referred her to | (iDr. Burda. He also stated that his initial report concerning Ms. Walker was copied to the “Office of Risk Management, Attn: Freddie Adkins.”
 

 As mentioned in the facts section above, Ms. Walker contends that the state selected Dr. Long at the onset of this claim. Ms. Walker testified that Freddie Adkins, who was an adjuster for the Office of Risk Management, called her to authorize, approve and schedule an appointment with Dr. Long. She even mentioned that he scheduled her appointments for all three work-related accidents. After reviewing Ms. Walker’s uncontroverted testimony, we agree that Grambling is not entitled to a second medical opinion at this time and that Grambling’s choice of physician was Dr. Warren Long.
 

 Additionally, jurisprudence states that if the claimant failed to properly submit to a second medical opinion evaluation by the employer/insurer, the remedy is to
 
 *1193
 
 seek a judicial order directing such an evaluation based on the reasonableness of the request. An employer is not entitled to suspend a disabled employee’s right to compensation for the employee’s failure to report for a medical examination, except where such medical examination has pi’evi-ously been judicially determined to be reasonable.
 
 Seaberry v. T.G. & Y Stores Company,
 
 467 So.2d 12 (La.App. 1st Cir. 1985);
 
 Richardson v. Weitz Company,
 
 202 So.2d 361 (La.App. 1st Cir.1967). The suspension of the right to compensation is a drastic remedy that should not be performed without a contradictory hearing under these facts.
 
 Seaberry, supra.
 

 |7The state has not addressed the reasonableness of its request. Ms. Rachel testified that Kim Monsour, a nurse case manager for Thomas and Associates hired by the Office of Risk Management under the direction of Mr. Freddie Adkins, had a conference with Dr. C.D. Burda. She also stated that there was documentation which indicated Dr. Burda informed Ms. Mons-our that Ms. Walker was permanently and totally disabled as a result of her medical condition. Ms. Rachel’s uncontradicted testimony provides a clear indication that Grambling’s request is unreasonable because Ms. Walker’s disabling condition has been labeled as permanent and total. Grambling has not provided any explanation justifying a new medical examination. Accordingly, we find that this assignment of error lacks merit.
 

 Choice of Physician Form
 

 In the second assignment of error, the state asserts that the WCJ erred in not granting its claim for suspension of Ms. Walker’s medical benefits for refusing and/or failing to sign a Choice of Physician form pursuant to La. R.S. 23:1121(B). The state asserts that since a clear determination cannot be made as to who selected the doctors who treated Ms. Walker, La. R.S. 23:1121 is applicable.
 

 La. R.S. 23:1121 (B)(2)(a) and (b) states in pertinent part:
 

 (2)(a) If the employee is treated by any physician to whom he is not specifically directed by the employer or insurer, that physician shall be regarded as his choice of treating physician.
 

 (b) When the employee is specifically directed to a physician by the employer or insurer, that physician may also be deemed as the employee’s choice of physician, if the employee has received written notice of his right to select one treating physician in any field or specialty, and then chooses to select the employer’s referral as his treating specialist after the initial | ^medical examination as signified by his signature on a choice of physician form. The notice required by this Subparagraph shall be on a choice of physician form promulgated by the director of the office of worker’s compensation and shall contain the notice of the employees rights provided under R.S. 23:1121(B)(1). Such form shall be provided to the employee either in person or by certified mail.
 

 * ⅜ * ⅜ * :¡c * * * *
 

 (5) If the employee fails or refuses to sign the form as provided in Subpara-graph (2)(b) and Paragraph (3) of this Subsection, the employer or his insurer shall be entitled to seek an expedited hearing to be held within ten days, and upon order of the court, may suspend medical benefits until such time as the employee complies with Subparagraph (2)(b) and Paragraph (3) of this Subsection.
 

 The state argues that Ms. Walker’s benefits should be suspended since she refused to sign a Choice of Physician form as required by La. R.S. 23:1121(B). After reviewing this statute, we discovered that
 
 *1194
 
 this requirement was not added to this statute and made effective until August 15, 2003.
 

 If an act creates a new obligation where no such obligation existed before, the act is substantive.
 
 River Cities Construction Company, Inc. v. Barnard & Burk, Inc.,
 
 444 So.2d 1260 (La.App. 1 Cir. 1983). In the absence of contrary legislative expression, substantive laws apply prospectively only. La. C.C. art. 6. “Substantive laws,” for purposes of determining whether a law should be applied retroactively, are those which establish new rules, rights, and duties, or change existing ones.
 
 Brown v. Schwegmann,
 
 2007-0210 (La.App. 4th Cir.7/30/08), 990 So.2d 1282.
 

 Therefore, only the law and jurisprudence that existed in 1992 is applicable to her claim and not the subsequent amendments to La. R.S. lc|23:1121. As such, Ms. Walker is not required to complete a Choice of Physician form. This assignment of error bears no merit.
 

 CONCLUSION
 

 For the above mentioned reasons, the WCJ’s judgment is affirmed.
 

 AFFIRMED.