BROWN, Chief Judge.
 

 12This appeal is from the WCJ’s denial of a motion to compel a second medical opinion/evaluation filed by the employer, Marathon Oil Company. Claimant, James C. Bowling, injured his lower back in the course of and arising out of his employment with Marathon in 1995. Since that time, Marathon has paid Bowling weekly indemnity benefits in the amount of $323 and has authorized all reasonable, necessary and related medical treatment. On September 23, 2004, pursuant to a joint motion filed by the parties, the WCJ rendered a judgment declaring Bowling to be totally and permanently disabled and granting Marathon the right to assert the Social Security offset then provided for in La. R.S. 23:1225(A).
 
 [1]
 

 In the latter part of 2009, Marathon requested that Bowling be re-evaluated by its physician of choice, Dr. Randall Brewer. On January 14, 2010, Marathon filed a motion to compel a second medical |aopinion/examination after Bowling stated that he would not acquiesce to such an evaluation absent a court order. A hearing was held on February 5, 2010, and the WCJ rendered judgment denying Marathon’s motion. It is from this judgment that Marathon has appealed.
 
 [2]
 

 
 *329
 

 Discussion
 

 The sole issue before the court in this appeal is whether the WCJ erred in denying Marathon’s motion for a second medical opinion/evaluation of Bowling.
 

 La. R.S. 28:1121(A) provides in part that:
 

 An injured employee shall submit himself to an examination
 
 by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and
 
 fi'om time to time thereafter as often as may be reasonably necessary
 
 and at reasonable hours and places, during the pendency of his claim for compensation or
 
 during the receipt by him of payments under this Chapter.
 
 (Emphasis added).
 

 Bowling’s disability status was the subject of a consent judgment between the parties, as set forth in the WCJ’s September 28, 2004, and March 17, 2006, judgments, neither of which serves to preclude or bar Marathon from asserting its right to have Bowling’s medical condition reevaluated or re-assessed as set forth in La. R.S. 23:1121(A). Worker’s | compensation judgments are treated differently than other civil judgments. As noted by the supreme court in
 
 Falgout v. Dealers Truck Equipment Co.,
 
 98-3150 (La.10/19/99), 748 So.2d 399, through the enactment of La. R.S. 23:1310.8, the worker’s compensation modification statute, the legislature did not intend that a judgment determining the extent of a claimant’s disability be res judicata, having expressly provided that a compensation award can be subject to modification based on a change in the worker’s condition.
 
 See, Jackson v. Iberia Parish Government,
 
 98-1810 (La.04/16/99), 732 So.2d 517;
 
 Landreneau v. Liberty Mutual Insurance Co.,
 
 309 So.2d 283 (La.1975);
 
 Chaisson v. Central Crane Service,
 
 10-0112 (La.App. 1st Cir.07/29/10), 44 So.3d 883;
 
 Madere v. Western Southern Life Insurance Co.,
 
 03-110 (La.App. 5th Cir.04/29/03), 845 So.2d 1222.
 

 However, Marathon failed to show that such a subsequent examination/evaluation was
 
 reasonably necessary
 
 as required by La. R.S. 23:1121(A). At the hearing on Marathon’s motion to compel, defendant’s attorney contended that because it had been 3 ½ years since Bowling had been evaluated by Dr. Brewer, it was reasonable for claimant to be re-examined or reevaluated. As stated by defense counsel, “[I]t’s our position that every-every three and a half years is-is reasonably necessary.” We disagree. There was no evidence whatsoever that Bowling’s condition had | ^changed since he was adjudicated to be permanently and totally disabled. Lacking any evidence of Bowling’s current disability status, the WCJ properly denied Marathon’s motion to compel.
 
 See Grambling State University v. Walker,
 
 44,995 (La.App.2d Cir.03/03/10), 31 So.3d 1189.
 

 Conclusion
 

 For the reasons set forth above, the judgment of the WCJ is affirmed. Costs of this appeal are to be assessed to plaintiff-appellant, Marathon Oil Company.
 

 AFFIRMED.
 

 [1]
 

 . Thereafter, on March 17, 2006, the WCJ modified this judgment in light of statutory changes and reduced the Social Security offset to zero. Claimant's weekly compensation benefits in the amount of $323 were reinstated retroactive to June 1, 2005.
 

 [2]
 

 . Initially, Marathon sought supervisory review of this judgment, but the writ application was remanded to the OWC for perfection as an appeal. As stated in this court’s writ order of April 14, 2020, "Since the issue presented was the only issue before the OWC and the worker's right to benefits has previously
 
 *329
 
 been decided, the instant judgment is a final, appealable judgment.”