LOLLEY, J.
11 Johnny Lloyd Smith, Jr., appeals pro se a judgment from the Office of Workers’ Compensation, District 1 West, Caddo Parish, Louisiana. The judgment was in favor of Christus Health Northern d/b/a Christus Schumpert (“Schumpert”) and granted its motion for involuntary dismissal made pursuant to La. C.C.P. art. 1672. For the following reasons, we affirm the trial court’s judgment.
Facts
In August 2009, Smith was employed as an environmental technician with Schum-pert, a healthcare facility in Shreveport, Louisiana. During the same period, Smith also was employed by the Caddo Parish School Board (“Caddo Parish”) as a security coordinator. It is undisputed that Smith injured his right shoulder on-the-job *317 with Schumpert. While working, Smith was emptying the trash when the trash bag became wedged in the trash container. According to Smith, in attempting to free the trash bag, his right shoulder “popped.” Schumpert admits he was paid workers’ compensation indemnity benefits. As to Smith’s medical benefits in connection with his treatment, Schumpert maintains that it has paid all of the bills from Dr. Eddie Anglin, Smith’s treating physician, as well as paying for the pain patches prescribed to Smith by Dr. Anglin.
On February 24, 2010, Smith was advised by his physician that he could return to work on full duty. He had no work restrictions, and he was paid indemnity payments until that time. Smith also continued to work for Caddo Parish during this time. After eight months back at work with Schumpert, Smith was terminated from his job due to excessive tardiness. |2Prior to being terminated, he had received counseling from his supervisor regarding his excessive tardiness.
Smith filed his claim with the Office of Workers’ Compensation (the “OWC”), claiming that he was entitled to medical expenses, disability expenses, supplemental earnings benefits (“SEBs”), and temporary total disability benefits (“TTDs”). At trial, and following the submission of Smith’s case, Schumpert filed a motion for involuntary dismissal, which the OWC granted. This pro se appeal by Smith ensued.
Discussion
Although Smith raises four separate assignments of error, they are all related to the motion for dismissal granted by the OWC in Schumpert’s favor. In essence, he argues that the OWC erred in granting Schumpert’s motion for involuntary dismissal and failing to assess all benefits, medical and indemnity, in his favor. We disagree.
Initially, Schumpert responds by pointing out that Smith failed to brief his assignment of errors, pursuant to Uniform Rules — Court of Appeal, Rule 2-12.4. As argued by Schumpert, where an appellant fails to brief an assignment of error, the appeal court may deem that assignment abandoned. Admittedly, Smith does not completely brief each assignment of error made, but with due consideration to this pro se litigant, we will address the relevant issues.
A workers’ compensation claimant seeking indemnity benefits bears the burden of proving, by clear and convincing evidence, his inability to |sengage in any type of employment. Frye v. Olan Mills, 44,192 (La.App.2d Cir.04/08/09), 7 So.3d 201.
Under La. R.S. 23:1203, medical payments are separate and distinct from compensation indemnity benefits. A workers’ compensation claimant may recover medical expenses that are reasonably necessary for the treatment of a medical condition caused by a work-related injury. The plaintiff must prove the necessity of the treatment and the causal connection between the treatment and the employment-related accident by a preponderance of the evidence. Frye, supra; Taylor v. Wal-Mart Stores, Inc., 40,179 (La.App.2d Cir.09/21/05), 914 So.2d 579, writ not considered, 2006-0144 (La.04/17/06), 926 So.2d 500, cert. denied, 549 U.S. 1157, 127 S.Ct. 982,166 L.Ed.2d 783 (2007).
Louisiana C.C.P. art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the *318 action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
When evaluating a motion for involuntary dismissal, the trial court must consider all the evidence, without any special inferences in favor of the opponent of the motion, and grant the dismissal if the plaintiff has not established proof by a preponderance of the evidence. Barnes v. Barnes, 46,417 (La.App.2d Cir.06/22/11), 71 So.3d 1004. An involuntary | dismissal under La. C.C.P. art. 1672(B) will not be reversed on appeal in the absence of manifest error; there is no manifest error if there is a reasonable factual basis for the finding of the trial court. Atkins v. City of Shreveport, 45,665 (La.App.2d Cir.09/22/10), 48 So.3d 326. The trial court has great discretion in granting an involuntary dismissal. Brooks v. Minnieweather, 46,900 (La.App.2d Cir.01/25/12), 86 So.3d 684, writ denied, 2012-0467 (La.04/13/12), 85 So.3d 1251.
Here, Schumpert argues that Smith had the burden of proof to show entitlement to any sort of benefits, either indemnity or medical, and we agree the record reflects that Smith failed to meet his burden at trial. While unable to work, Smith was paid indemnity benefits. At the point when Smith was released to work by his treating physician, Dr. Anglin, indemnity payments were properly stopped. No doctor said that Smith was unable to work. In fact, Smith was actually working two jobs when he was terminated for excessive tardiness. Thus, Smith failed to show he was entitled to any sort of indemnity benefits, either TTDs or SEBs. As to medical benefits, there was absolutely no evidence that a physician had recommended any treatment not paid for by Schumpert. Smith failed to produce evidence that any additional medical treatment had been ordered by Dr. Anglin or any other physician. Actually, Schumpert continues to pay for Dr. Anglin and Smith’s prescribed medication. Considering that Smith failed to provide any evidence as to his entitlement to either indemnity or medical benefits, the OWC properly granted Schum-pert’s motion for involuntary dismissal. The OWC’s judgment was not in error.
| ^Conclusion
For the foregoing reasons, we affirm the judgment of the Office of Workers’ Compensation granting the motion for involuntary dismissal made by Christus Health Northern d/b/a Christus Schumpert. All costs of this appeal are assessed to Johnny L. Smith.
AFFIRMED.