# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-294

**SHERRY USIE**

**VERSUS**

**LAFAYETTE PARISH SCHOOL SYSTEM**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT FOUR
PARISH OF LAFAYETTE, NO. 12-02687
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Janice Hebert Barber**
**Jennifer B. Valois**
**Barber Law Firm**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 232-9893**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Sherry Usie**

**Dawn L. Morris**
**The Dill Firm, APLC**
**825 Lafayette St.**
**Lafayette, LA 70501**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Lafayette Parish School System**

**EZELL, Judge.**

Sherry Usie appeals the decision of the workers' compensation judge. That decision upheld the findings of the Medical Director denying her additional physical therapy as not medically necessary under the Louisiana Medical Treatment Guidelines. For the following reasons, we affirm the decision of the workers' compensation judge.

On March 15, 2007, Ms. Usie sustained a work-related injury to her shoulder and neck while working for the Lafayette Parish School System (LPSS). The injury required surgery and physical therapy. In October of 2011, Dr. Harold Granger prescribed physical therapy for four weeks. This order was repeated in November of that year and in January of 2012. Her pain did not completely resolve, but Ms. Usie did see improvement. There was a delay in approving the January round of physical therapy, but it was administered. Dr. Granger ordered a fourth round of physical therapy on February 28, 2012. This round of therapy was denied by LPSS's third-party workers' compensation administrator as medically unnecessary.

Ms. Usie then filed a 1009 claim form requesting review of the treatment denial by the Office of Workers' Compensation Administration Medical Director under La.R.S. 23:1203.1. The Medical Director reviewed her claim and medical records and found that:

> According to the physical therapy clinical records submitted[,] the patient has received therapy from 10.18.2011 through 2.28.2012. Therapy has exceeded recommended frequency and maximum durations. Some documentation for improvement and functional gain is noted. The office visit of 2.28.2012 documented excellent range of motion, and all provocative tests were negative. Patient needs to be on a home program per the Guidelines. Maximal independence will be achieved through the use of home exercise programs and educational

programs.

Following that decision, Ms. Usie filed a 1008 claim form with the workers' compensation judge seeking review of the Medical Director's decision. The workers' compensation judge allowed Ms. Usie to present evidence and testimony beyond that which was before the Medical Director. The workers' compensation judge ultimately ruled that there "was no showing by clear and convincing evidence that the decision of the medical director was not in accordance with the provisions of the Louisiana Workers' Compensation Medical Treatment Guidelines and Louisiana Revised Statutes 22:1203.1." From that decision, Ms. Usie appeals.

Ms. Usie asserts two assignments of error on appeal. She claims that the workers' compensation judge erred in divesting itself of original jurisdiction under La.R.S. 23:1310.3(F) and that the workers' compensation judge erred in applying the clear and convincing evidence burden of proof to her case. Ms. Usie does not, in any way, challenge the factual findings of the workers' compensation judge as error or claim that the Medical Director's findings were not in compliance with the guidelines. Instead, she simply makes the above legal arguments.

At the time the decision was rendered, La.R.S. 23:1203.1(K) read[1]:

> After the issuance of the decision by the medical director of the office, any party who disagrees with the medical director's decision, may then appeal by filing a "Disputed Claim for Compensation," which is LWC Form 1008. The decision of the medical director may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director was not in accordance with the provisions of this Section.

---

[1] The statute was amended in 2013 to include language providing for the position of Associate Medical Director.

Ms. Usie's first argument is that the workers' compensation judge somehow divested itself of jurisdiction by following the framework set up by La.R.S. 23:1203.1. We disagree. She makes much in her brief about the review of the Medical Director's decision being treated like "an appeal." However, she admits in her 1008 claim form that she is, indeed, appealing the decision of the Medical Director. More importantly, La.R.S. 23:1203.1(K) (emphasis added) itself directly states that "any party who disagrees with the medical director's decision, **may then appeal**" that decision. Her assignment of error is made even more vacuous upon a review of the record, which clearly shows that she was indeed afforded a full trial on the merits of her claim. While the workers' compensation judge originally sought to exclude evidence and witnesses not heard by the Medical Director, Ms. Usie was ultimately allowed to put on this additional evidence over the objection of the LPSS. The workers' compensation judge considered this evidence in making his ruling, and there is nothing in the record that indicates he limited the scope of his review. This assignment of error is without merit.

Finally, Ms. Usie argues that, because the workers' compensation judge heard the additional evidence she sought to introduce, the burden of proof laid out by La.R.S. 23:1203.1 should become preponderance of the evidence rather than clear and convincing evidence. The language of the statute could not be more clear. "The decision of the medical director may be overturned when it is shown, **by clear and convincing evidence,** the decision of the medical director was not in accordance with the provisions of this Section." La.R.S. 23:1203.1(K) (emphasis added). The workers' compensation judge obviously applied the correct burden of proof to his review of the Medical Director's findings. This argument is utterly devoid of merit.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed. Costs of this appeal are assessed against Ms. Usie.

**AFFIRMED.**

4