CRAIN, J.
[2In this workers’ compensation case, the employer appeals a judgment reversing the Medical Director’s denial of a lumbar MRI requested by the claimant’s orthopedist. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Quintín N. Bridges was allegedly injured in the course and scope of his employment with New Orleans Trucking and Rental Depot, Inc., and sought workers’ compensation benefits. After treating for some time with Dr. William Alden, Bridges was referred to Dr. F. Allen Johnston for an orthopedic evaluation. Dr. Johnston recommended an MRI of Bridges’ lower back, which the employer’s workers’ compensation carrier refused to authorize.
Bridges filed a 1009 “Disputed Claim for Medical Treatment” requesting review of the treatment denial by the Office of Workers’ Compensation Administration Medical Director pursuant to Louisiana Revised Statute 23:1203.1 J. The Medical Director determined that the medical records submitted for review did not support approval of the requested MRI and denied the claim. Bridges then filed a 1008 disputed claim for compensation appealing the Medical Director’s decision pursuant to Louisiana Revised Statute 23:1203.1K. The Workers’ Compensation Judge (WCJ) reversed the decision of the Medical Director, and the employer now appeals.
DISCUSSION
Louisiana Revised Statute 23:1203.1K provides that any party disagreeing with a decision of the Medical Director may appeal that decision by filing a 1008 disputed claim for compensation.[1] On review, the Medical Director’s decision may be overturned when it is shown by clear and convincing evidence that the decision was not in accordance with the Medical Treatment Guidelines of [sLouisiana Revised Statutes 23:1203.1 et seq. La. R.S. 23:1203.1K. Proof by clear and convincing evidence is proof that the existence of a disputed fact is highly probable, or much more probable than not. McCray v. Delta Industries, Inc., 00-1694 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 268. This is a heavier burden of proof than proof by a preponderance of the evidence, but is less burdensome than proof beyond a reasonable doubt. Id.
In oral reasons for judgment, the WCJ stated that this matter must be considered in light of its order rendered in Bridges’ separate OWC proceeding, filed under OWC docket number 12-03523. That order, signed October 16, 2012, includes the following:
IT IS ORDERED THAT:
[[Image here]]
4. Dr. William Alden, the defendant and Dr. F. Allen Johnston shall comply with all aspects of the Medical Treatment Guidelines (MTG). The parties, through their attorneys, right to argue the applicability of the MTG at the trial/ and or next hearing held on these issues are reserved; and
*635 5. Since Dr. Alden [ (Bridges’ primary physician) ] referred claimant to an orthopedist and this OWC Judge ordered Dr. F. Allen Johnston as claimant’s choice of orthopedist, this OWC Court now further clarifies that Dr. F. Allen Johnston is the proper physician to request or not request the lumbar and cervical MRIs. The right to argue this issue at trial is reserved.
The WCJ went on to state that the lumbar MRI was requested by Dr. Johnston as part of his initial evaluation granted to Bridges pursuant to Louisiana Revised Statute 23:1121, and therefore the Medical Treatment Guidelines were not applicable.
The Medical Treatment Guidelines were promulgated pursuant to Section 1208.1, which pertinently provides:
B. The director shall, through the office of workers’ compensation administration, promulgate rules in accordance with the Administrative Procedure Act, [Louisiana Revised Statutes] 49:950 et seq., to establish a medical treatment schedule.
^* * ⅜
I. After the promulgation of the medical treatment schedule, throughout this Chapter, and notwithstanding any provision of law to the contrary, medical care, services, and treatment due, pursuant to [Louisiana Revised Statutes] 23:1203, et seq., by the employer to the employee shall mean care, services, and treatment in accordance with the medical treatment schedule....
The WCJ referenced Section 1121, which provides that an employee shall have the right to select one treating physician in any field or specialty. Section 1121 does not provide that testing ordered by the selected physician during his evaluation of the claimant is exempt from the Medical Treatment Guidelines promulgated pursuant to Section 1203.1. Nor does Section 1203.1 exempt diagnostic testing performed by a physician selected pursuant to Section 1121 from its definition of “medical care, services, and treatment.”
Nonetheless, we find that the WCJ was correct in overturning the Medical Director’s decision. The Medical Treatment Guidelines provide that:
1. Imaging studies are generally accepted, well-established and widely used diagnostic procedures.. In the absence of myelopathy, or progressive neurological changes, or history of cancer, imaging usually is not appropriate until conservative therapy has been tried and failed. Six to eight weeks of treatment are usually an adequate period of time before an imaging procedure is in order, but the clinician should use judgment in this regard. When indicated, imaging studies can be utilized for further evaluation of the low back, based upon the mechanism of injury, symptoms, and patient history.
[[Image here]]
a. Magnetic Resonance Imaging (MRI) is rarely indicated in patients with non-traumatic acute low back pain with no neuropathic signs or symptoms. It is generally the first follow-up imaging study in individuals who respond poorly to proper conservative care.
La. Admin. Code 40:I.2019C.
The given rationale for the Medical Director’s decision was that only one clinical record from the physician requesting the MRJ was provided, and that record did “not include a thorough neuromuscular history and physical exam to warrant testing approval.” However, the appellate record reflects that the Medical | .^Director was presented with records of treatment prior to Bridges’ examination by Dr. Johnston, the requesting physician. When *636 viewed in globo, the treatment records reflect that Bridges was referred to Dr. Johnston after more than six months of treatment had not resolved his back symptoms. Radiographic imaging was requested early in the course of Bridges’ treatment, therefore the Medical Treatment Guidelines support follow-up imaging study. Additionally, the Medical Treatment Guidelines do not expressly require a neuromuscular history and physical exam by the requesting physician. Thus, the medical records show by clear and convincing evidence that the decision of the Medical Director was not in accordance with the applicable provisions. The Medical Director’s decision was correctly reversed.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the Workers’ Compensation Judge, which reversed the Medical DirectoPs denial of a lumbar MRI requested by the claimant’s orthopedist. Costs of this appeal are assessed to New Orleans Trucking and Rental Depot, Inc.
AFFIRMED.

. Section 1203.1 was recently amended by 2013 La. Acts No. 317. All references herein are to the statute prior to that amendment.