BROWN, Chief Judge.
hLa. R.S. 23:1203.1 provided for the establishment of medical treatment guidelines in workers’ compensation cases. These guidelines were promulgated and became effective July 31, 2011. The question presented in this appeal is whether the procedure and treatment schedule established pursuant to La. R.S. 23:1203.1 apply to cases where the request for medical treatment originated after the effective date of the medical treatment schedule, but where the compensable accident occurred prior to that date.
Following this court’s decision, sitting en banc, in Wal-Mart Associates, Inc. v. Wooden, 47,998 (La.App.2d Cir.01/22/14), 132 So.3d 482 (Brown, CJ, and Caraway, J, dissenting), the workers’ compensation judge (“WCJ”) found that La. R.S. 23:1203.1 cannot be applied retroactively to upset vested rights acquired by a claimant whose work-related accident occurred before the promulgation of the medical treatment schedule. Based upon the law and standard of proof that applied at the timé of the work-related accident, the WCJ determined that the claimant was entitled to the surgery recommended by his treating physician. Citing the dissenting opinion in Wal-Mart, supra, the Louisiana Supreme Court in Church Mut. Ins. Co. v. Dardar, 13-2351 (La.05/07/14), 145 So.3d 271, 2014 WL 1800067, abrogated the majority opinion in Wal-Mart. Thus, we reverse and remand this matter for further proceedings.

Facts and Procedural Background

On October 28, 2010, Robert Daniels suffered a work-related accident while employed by the Louisiana Department of Transportation | ¡>and Development (“DOTD”) when he fell off a backhoe injuring the right side of his body, in particular his right shoulder. Payment of workers’ compensation benefits associated with *1125 Daniels’ work-related accident was initiated without dispute. An orthopedic physician, Dr. Douglas Brown, performed surgery on Daniels’ right shoulder on June 13, 2011. The DOTD covered all of these medical expenses.
Thereafter, Daniels began complaining of low back pain. After reviewing diagnostic tests, Dr. Brown recommended that Daniels undergo inpatient surgery — L4-5, L5-S1 anterior lumbar interbody fusion with LDR PEEK cages, bone marrow stem cells, morselized allograft, and SEP monitoring. The DOTD sought a second medical opinion from Dr. Powell Auer, who recommended that Daniels undergo more testing. After receiving a provocative lumbar discography report from Dr. John Ledbetter, Dr. Brown again recommended surgery. F.A. Richard & Associates, Inc. (“FARA”), as the insurance representative for Daniels’ employer, denied Dr. Brown’s request, finding that the recommended surgery did not meet the criteria established for intensity of services pursuant to the Louisiana Workers’ Compensation Treatment Guidelines.
A disputed claim for medical treatment was filed with the Office of Workers’ Compensation Administration (“OWC”) Medical Director on behalf of Daniels. The medical director denied the appeal on March 6, 2012, concluding that the evidence did not support approval of the requested services per the Louisiana Medical Treatment Guidelines. As a ^result, Daniels filed Form 1008 (disputed claim for compensation), initiating the present claim.
On February 21, 2013, this matter was heard by the WCJ, who found that Daniels was entitled to the recommended surgery, and further, that the medical treatment guidelines did not apply since they went into effect after Daniels’ accident. DOTD appealed to this court.

Discussion

Daniels’ sole argument is that this court, en banc, determined in Wal-Mart, supra, that the medical guidelines are substantive and cannot be applied retroactively to cases with accident dates before the effective date of those guidelines. The supreme court’s holding in Church Mutual Ins. Co., supra, in effect, reversed this court’s prior ruling in Wal-Mart, supra.
In particular, the supreme court in Church Mutual Ins. Co., supra at 1, stated:
[We] find that La. R.S. 23:1203.1 is a procedural statute and, thus, does not operate retroactively to divest a claimant of vested rights. As a result, the statute applies to all requests for medical treatment and/or all disputes emanating, from requests for medical treatment after the effective date of the medical treatment schedule, regardless of the date of the work-related injury or accident.
Based upon these findings of the supreme court, the WCJ, in this case, applied the wrong law and burden of proof. Thus, this matter must be remanded to the OWC for further proceedings before the WCJ.
In Usie v. Lafayette Parish School System, 13-294 (La.App. 3d Cir.10/09/13), 123 So.3d 885, the appellate court recognized that the workers’ compensation judge correctly allowed the claimant to present evidence and testimony beyond that which was reviewed by the medical director.
|4The standard of proof for the WCJ to overturn the medical director’s finding is by clear and convincing evidence. In Bridges v. New Orleans Trucking and Rental Depot, Inc., 13-0769 (La.App. 1st Cir.12/27/13), 134 So.3d 633, 634, the appellate court stated:
Louisiana Revised Statute 23:1203.1K provides that any party disagreeing with *1126 a decision of the Medical Director may appeal that decision by filing a 1008 disputed claim for compensation. On review, the Medical Director’s decision may be overturned when it is shown by clear and convincing evidence that the decision was not in accordance with the Medical Treatment Guidelines of Louisiana Revised Statutes 23:1203.1 et seq. La. R.S. 23:1203.1K Proof by clear and convincing evidence is proof that the existence of a disputed fact is highly probable, or much more probable than not. This is a heavier burden of proof than proof by a preponderance of the evidence, but is less burdensome than proof beyond a reasonable doubt. (Citations omitted).
In Vital v. Landmark of Lake Charles, 13-842, p. 1, (La.App. 3d Cir.02/12/14), — So.3d -, -, 2014 WL 550912, the court spoke to the standard of review in the appellate court of the WCJ’s opinion:
There is no jurisprudence to guide us on the standard of review of a WCJ’s decision about the medical director’s application of the medical treatment schedule. The WCJ’s analysis is necessarily fact-intensive; therefore we conclude that, as with most findings of fact, the WCJ’s decision is subject to review under the manifest error/clearly wrong standard. The manifest error standard requires that we review the record in its entirety to determine not whether the WCJ was wrong, but whether the record reflects a reasonable basis for the WCJ’s decision. (Citation omitted).
In Vital, supra, the appellate court found that the record reflected a reasonable basis for the WCJ’s finding that by clear and convincing evidence the medical director’s denial of the medical treatment was in error.
lain Bridges, supra, the WCJ’s opinion, applying the clear and convincing burden of proof, overturned the decision of the medical director to deny a requested MRI; that opinion was affirmed on appeal.
On remand, either party may present evidence before the WCJ to show, by clear and convincing evidence, whether the medical director’s conclusion was appropriate. La. R.S. 23:1203.1(K).

Conclusion

For the aforementioned reasons, the judgment of the WCJ in favor of claimant, Robert Daniels, is hereby reversed. This matter is remanded to the OWC for further proceedings in accordance with this opinion.