MOORE, J.
The Louisiana Department of Transportation and Development (“DOTD”) appeals the judgment from the Office of Workers’ Compensation (“OWC”) ordering the DOTD to replace medical equipment for the claimant, James Berry. For the reasons expressed, we affirm.

Factual Background

Berry was injured in an accident while working for the DOTD in 1986 and began receiving workers’ compensation benefits shortly thereafter. In 2002, the DOTD supplied Berry with a Tempur-Pedic bed and four-wheel mobility scooter. Since then, and prior to the enactment of the Medical Treatment Guidelines (“MTG”), it has repaired the' scooter multiple times and replaced it twice.
In 2014, the DOTD tried to revoke Berry’s benefits, but this court affirmed a judgment from the OWC that declared Berry permanently, totally disabled and entitled to medical, and indemnity benefits. State v. Berry, 49,186 (La.App. 2 Cir. 8/13/14), 147 So.2d 270. The current dispute arose after Berry requested a replacement Tempur-Pedic bed and mobility scooter.
When Berry made this request, the DOTD informed him that his physician would have to comply with the MTG and submit 1010 forms. At Berry’s request, Dr. Forte, his pain management physician, submitted the forms, Berry’s medical records, and office messages relating to the requests, and the DOTD sent the application to WellComp, its utilization review company. WellComp recommended denial.
After Berry was informed that his requests were denied, he submitted 1009 forms to the medical director and requested that the denial be reviewed. The medical director also denied the requests because he did not believe that Berry had submitted sufficient documentation to satisfy the MTG.

*872
Procedural History

Berry filed an appeal with the OWC and a trial was conducted. At trial, Berry testified that he cannot lie flat due to his injuries and that he had slept in a recliner for years before he received the adjustable Tempur-Pedic bed. Now, the 14-year-old bed is no longer able to adjust to allow him to sleep. Berry also testified that he is unable to perform many everyday activities without his mobility scooter and his doctors believe that the scooter is essential to his psychological well-being because it gives him the opportunity to be outdoors and actively participate in everyday activities.
In addition to his testimony, the WCJ allowed Berry 'to submit letters that his attorney had written to the OWC requesting the equipment, none bf which had been submitted to the medical director during his review.'
At the conclusion of the trial, the WCJ entered judgment in favor of Berry because he is permanently, totally disabled, there was no evidence that his condition had changed, and he testified that the equipment was instrumental in- maintaining his everyday life. Accordingly, the DOTD was ordered to replace the Tem-pur-Pedie bed and mobility scooter.
The DOTD appeals the judgment of the WCJ assigning two errors. First, the DOTD argues that the WCJ erred in allowing Berry to present evidence at trial that was not submitted to the medical director for his review of Berry’s requests for replacement equipment. Second, the WCJ erred in finding that Berry proved by clear and convincing.evidence that the decision of the medical director was not in accordance with the MTG.

Discussion

The standard of review' of factual findings of a WCJ is manifest error. Arabie v. CITGO Petroleum Corp., 2010-2605 (La.3/13/12), 89 So.3d 307. In order to reverse the decision of the WCJ, the appellate court must find that 1) the record does not provide a reasonable factual basis for the finding of the trier of fact and 2) the record must establish that the finding is clearly wrong. Id.
The DOTD’s first assignment of error lacks merit. Though it provides a thorough policy argument, it fails to recognize that this court has already decided that the WCJ is allowed to admit additional evidence that was not available to the medical director during his review. Gilliam v. Brooks Heating & Air Conditioning, 49,161 (La.App. 2 Cir. 7/16/14), 146 So.3d 734; Daniels v. State, 48,578 (La.App. 2 Cir. 6/25/14), 144 So.3d 1123; Thomas v. Marsala Beverage Co., 50,062 (La.App. 2 Cir. 9/30/15), 179 So.3d 620; Usie v. Lafayette Parish School Sys., 13-294 (La.App. 3 Cir. 10/9/13), 123 So.3d 885. Because that argument is insufficient to compel us to change the precedent, the WCJ did not err in allowing the additional evidence at trial.
The second assignment of error, the WCJ erred in finding that Berry proved by clear and convincing evidence that the decision of the medical director was not in accordance with the MTG, poses a closer question. However, the unique facts surrounding Berry’s claim and a close reading of the MTG regarding the maintenance of durable medical equipment suggest that the WCJ correctly ruled in favor of Beny.
The DOTD argues that Berry did not satisfy the requirements of La. Admin. Code tit. 40, pt. I, § 2715, which sets forth the minimum requirements for an “initial request for authorization.” It is not necessary for us to determine whether Berry’s medical records and physician letters were *873 sufficient under § 2715 because Berry was not seeking an initial authorization; he was seeking the replacement of the now broken items that he has used to maintain his daily life for the past 14 years.
Additionally, the DOTD suggests that Berry’s claim falls under the chronic pain disorder section of the MTG which requires a physician to determine that the requested equipment is effective and necessary for the maintenance of chronic pain before purchase of medical equipment is appropriate. Id., § 2115. The DOTD argues that Berry’s request did not indicate why the equipment was necessary or how it was effective, and thus failed to satisfy the requirements.
However, the introduction to the chronic pain guidelines states that “some chronic pain problems are adequately addressed in other OWCA treatment guidelines, and are generally beyond the scope of these guidelines,” which suggests that a more specific guideline is preferable when available. Id., § 2105. Durable medical equipment is thoroughly covered in its own section of the MTG. There, it is defined as “items which can withstand repeated use, are primarily used to serve a medical purpose, are generally not useful to a person in the absence of illness, injury or disease, and are appropriate for use in the claimant’s home.” La. Admin. Code tit. 40, pt. I, § 4111. In order to be a covered service, all equipment must be prescribed by the claimant’s treating physician. Id. Equipment should be purchased when it would be less expensive than a long-term rental and the maintenance and replacement of purchased equipment is the responsibility of the carrier/self-insured employer. Id., §§ 4113, 4115.
The requested items fit the definition in § 4111, the MTG indicate that more specific guidelines are preferred, and both the mobility scooter and Tempur-Pedic bed are found in categories of the chart for maximum allowances in the durable medical equipment section; all of this strongly suggests that §§ 4113 and 4115 are the portions of the MTG that govern this claim.
Obviously, the DOTD agreed that the equipment was necessary at some point in its relationship with Berry and his condition has not changed; it is now the DOTD’s responsibility to repair and replace the- purchased -equipment. Id., § 4115. In addition, the medical director was aware of Berry’s history and the medical equipment that had been provided for him in the past, and Berry’s physician submitted his medical records with the applications for replacements.
Certainly, these circumstances make it more probable than not that the medical director was not in accordance with the MTG in denying Berry’s requests. Thus, the record provides a reasonable factual basis for the finding of the WCJ, and we cannot say that the finding was clearly wrong.

Conclusion

For the reasons stated above, we affirm the decision of the Workers’ Compensation Judge in favor of the plaintiff, James Berry, ordering the defendant, the' Louisiana Department of Transportation and Development/to provide the replacement mobility scooter and replacement Tempur-Pedic bed. Court reporter’s fees of $135.38 are to be paid by DOTD. La. R.S. 13:5112.
AFFIRMED.