STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-96


DARLENE VITAL

VERSUS

LANDMARK OF LAKE CHARLES

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 13-04570
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, James T. Genovese, and John E. Conery, Judges.

Conery, J. dissents and assigns reasons.


                                                          AFFIRMED.


Lawrence B. Frieman
Bradley P. Naccari
Juge, Napolitano, Guilbeau, Ruli & Frieman
330 North New Hampshire Street
Covington, Louisiana 70433
(504) 831-7270
COUNSEL FOR DEFENDANT/APPELLANT:
    Landmark of Lake Charles

**Tina L. Wilson**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Darlene Vital**

**GENOVESE, Judge.**

In this workers' compensation case, Defendant/Employer, Landmark of Lake Charles (Landmark), appeals the judgment of the Workers' Compensation Judge (WCJ) overturning the decision of the Medical Director of the Office of Workers' Compensation (Medical Director) and ordering Landmark to provide Plaintiff/Claimant, Darlene Vital, with the shoulder surgery recommended by her physician. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Vital sustained a work-related injury during her employment with Landmark when she slipped and fell on October 10, 2011, injuring her left shoulder. Shortly following her accident, Ms. Vital was seen by Dr. Clark Gunderson who ordered an MRI of her shoulder. The MRI, done November 23, 2011, indicated a possible labrum tear. Dr. Gunderson ordered physical therapy and excused Ms. Vital from work. Ms. Vital participated in physical therapy and received an injection to her shoulder, neither of which provided relief.

Ms. Vital then saw Dr. Brent Cascio on February 16, 2012. Dr. Cascio diagnosed Ms. Vital's shoulder injury as a partial rotator cuff tear and adhesive capsulitis for which he recommended arthroscopic repair and ordered her to remain off work.

Ms. Vital underwent a second medical evaluation with Dr. Gregory Gidman on March 15, 2012. Dr. Gidman examined Ms. Vital, reviewed the MRI, and concluded that the surgical recommendation was not medically necessary. In his opinion, Ms. Vital was in need of a psychological evaluation. Dr. Gidman opined that there was no need for physical therapy and that Ms. Vital was able to return to light duty work.

When Landmark denied the surgical recommendation, Ms. Vital sought approval for the procedure from the Louisiana Workers' Compensation Administration Medical Director, Dr. Christopher Rich, as required by La.R.S. 23:1203.1(J)(1).[1]   After considering the matter, on July 24, 2012, the Medical Director issued a decision denying the arthroscopic surgery recommended by Dr. Cascio, finding that the medical documentation did not support the approval of the requested surgery in accordance with the Louisiana Medical Treatment Guidelines (Guidelines).[2]

In the interim, on June 26, 2012, Ms. Vital returned to Dr. Cascio, who again recommended arthroscopic repair of her left shoulder.  Dr. Cascio opined that she was unable to return to work.

When Landmark denied the surgical recommendation for the second time, Ms. Vital again sought review of the denial by the Medical Director.  The Medical Director issued a decision denying the requested procedure for the second time on December 11, 2012.  Again, the Medical Director found that the medical records did not support the approval of the requested surgery in accordance with the Guidelines.

_____

[1]Louisiana Revised Statues 23:1203.1(J)(1) provides:

> After a medical provider has submitted to the payor the request for authorization and the information required by the Louisiana Administrative Code, Title 40, Chapter 27, the payor shall notify the medical provider of their action on the request within five business days of receipt of the request.  If any dispute arises after January 1, 2011, as to whether the recommended care, services, or treatment is in accordance with the medical treatment schedule, or whether a variance from the medical treatment schedule is reasonably required as contemplated in Subsection I of this Section, any aggrieved party shall file, within fifteen calendar days, an appeal with the office of workers' compensation administration medical director or associate medical director on a form promulgated by the director.  The medical director or associate medical director shall render a decision as soon as is practicable, but in no event, not more than thirty calendar days from the date of filing.

[2]Ms. Vital appealed that decision, but the appeal was later dismissed.

Ms. Vital appealed the Medical Director's decision denying the surgical recommendation to the WCJ. The WCJ found that there was not clear and convincing evidence that the recommendation for the arthroscopic surgery met the Guidelines; therefore, the denial of the procedure by the Medical Director was upheld.

Ms. Vital returned to Dr. Cascio, who, on May 9, 2013, made his third recommendation that Ms. Vital have the arthroscopic surgery to her left shoulder. Landmark again denied the surgical procedure.

Ms. Vital again sought review of the denial by the Medical Director. The Medical Director found that the medical records had not changed from his previous two denials of the procedure; thus, on June 17, 2013, he issued his third decision, again denying the requested procedure, finding the requested surgery was not in compliance with the Guidelines.

Thereafter, Ms. Vital sought another review of the Medical Director's decision by the WCJ. The WCJ issued a judgment on September 23, 2013, overturning the Medical Director's denial of Ms. Vital's requested shoulder surgery. From that judgment, Landmark appeals.

## ASSIGNMENT OF ERROR

In its sole assignment of error, Landmark asserts that "[t]he trial court committed legal error in failing to correctly apply the clear and convincing evidence standard which is required to overturn the decision of the Medical Director of the Office of Workers' Compensation denying the shoulder surgery."

## LAW AND DISCUSSION

Landmark argues that "[a] review of the trial court's Judgment overturning the decision of the Medical Director demonstrates that the trial court failed to properly apply the standard of **"clear and convincing evidence"** in reaching its

3

decision."[3] It concludes that this constitutes legal error, requiring this court to conduct a de novo review of the record on appeal. We disagree.

The Judgment with Reasons provided by the WCJ expressly states her finding that "[t]he claimant, Darlene Vital, has shown by clear and convincing evidence, that the decision was not in accordance with the provisions of R.S. 23:1203.1." Thus, undisputedly, the WCJ was cognizant of the standard of proof required to be met by Ms. Vital. Although Landmark may disagree that the evidence was sufficient to meet this heightened burden, the WCJ did not legally err by applying an incorrect standard.

Relative to the evidence presented, the Judgment with Reasons sets forth the following:

> Ms. Vital's accident occurred on October 11, 2011, nearly two years ago. In addition, this is the third time this matter has been submitted to the Medical Director. Conservative treatment has failed. The treating physician, Dr. Brent Cascio[,] opined that arthroscopic lysis of adhesion is warranted for Darlene Vital to regain functionality, due to failure of all conservative therapy; therefore[,] he has identified functional operative goals and the likelihood of achieving improved ability to perform activities of daily living or working activities.

Reviewing these findings on appeal under the manifest error standard of review, this court is required to "review the record in its entirety to determine not whether the WCJ was wrong, but whether the record reflects a reasonable basis for the WCJ's decision." *Vital v. Landmark of Lake Charles*, 13-842, p. 1 (La.App. 3

---

[3]Louisiana Revised Statutes 23:1203.1(K), provides as follows:

> After the issuance of the decision by the medical director or associate medical director of the office, any party who disagrees with the decision, may then appeal by filing a "Disputed Claim for Compensation", which is LWC Form 1008. The decision may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director or associate medical director was not in accordance with the provisions of this Section.

Cir. 2/12/14), --- So.3d ---, ---.[4]  In this case, we find that the record contains a reasonable basis for the WCJ's reversal of the Medical Director's decision.  The evidence demonstrates that Ms. Vital's injury and treatment satisfy the relevant criteria of the Guidelines and supports Dr. Cascio's recommendation for shoulder surgery.

Ms. Vital underwent four months of physical therapy and received an injection to her left shoulder.  Thus, the conservative, non-operative treatment options of medication, physical therapy, and injections required by the Guidelines have been met by Ms. Vital without success.

Additionally, upon examination, Dr. Cascio found Ms. Vital's range of motion to be a seventy degree abduction, a seventy degree forward flexion, and a forty-five degree internal and external rotation.  Ms. Vital also had a positive response to the Hawkins and "empty can" tests, which are also addressed in the Guidelines.  Therefore, Dr. Cascio's findings, based upon his physical examination of Ms. Vital, meet the provisions of the Guidelines regarding functional deficits warranting surgical intervention.

The Guidelines requirements relative to functional operative goals and the likelihood of Ms. Vital achieving improved ability to perform activities of daily living or work were also addressed by Dr. Cascio.  It was his opinion that the shoulder surgery is warranted in order for Ms. Vital to regain functionality due to the failure of prior conservative therapy.

Lastly, we note that despite referencing the section of the Guidelines relative to psychological treatment, the Medical Director failed to mention same in his

---

[4]In this opinion, this court affirmed the judgment of the WCJ requiring Landmark to provide Darlene Vital with recommended lumbar epidural steroid injections.

5

decision. However, the record does contain evidence that Ms. Vital has participated in such treatment.

For the foregoing reasons, we find that the WCJ did not commit legal error in failing to apply the clear and convincing evidence standard in reaching its decision. Additionally, we find that the evidence of record contains a reasonable basis for the WCJ's judgment overturning the Medical Director's decision denying Ms. Vital the shoulder surgery recommended by her physician.

## DECREE

For the reasons assigned, the judgment of the Office of Workers' Compensation in favor of Darlene Vital ordering Landmark of Lake Charles to provide the shoulder surgery recommended by Dr. Brent Cascio is affirmed. Costs of this appeal are assessed to Landmark of Lake Charles.

**AFFIRMED.**

DARLENE VITAL

VERSUS

LANDMARK OF LAKE CHARLES AND LNH INDEMNITY, LLC

CONERY, J., dissenting.

I respectfully dissent. The WCJ conflated her reasons for ruling with her judgment in a one paragraph ruling. Her one sentence conclusion stated:

> The treating physician, Dr. Brent Cascio opined that arthroscopic lysis of adhesion is warranted for Darlene Vital to regain functionality, due to failure of all conservative therapy; therefore he has identified functional operative goals and the likelihood of achieving improved ability to perform activities of daily living or work activities.

The Medical Director's decision cannot be overturned unless Plaintiff has shown by "clear and convincing evidence" that the decision was improper. La.R.S. 23:1203.1(K). *See also Church Mut. Ins. Co. v. Dardar*, 13-2351 (La. 5/7/14), ___So.3d___; *Matthews v. La. Home Builder's Ass'n Self Insurer's Fund*, 13-1260 (La.App. 3 Cir. 3/12/14), 133 So.3d 1280; *Usie v. Lafayette Parish Sch. Sys.*, 13-294 (La.App. 3 Cir. 10/9/13), 123 So.3d 885. The WCJ's "findings" do not rise to the heightened standard of "clear and convincing evidence" sufficient to overturn the decision of the Medical Director and should be reversed.