SUSAN M. CHEHARDY, Chief Judge.
| j>This is an appeal from a judgment rendered by a workers’ compensation judge, overturning the denial by the Medical Director of the Louisiana Office of Workers’ Compensation Administration (“OWCA”) of claimant’s request for medical treatment. For the following reasons, we affirm the judgment and award costs and attorney fees.

Facts and Procedural History

On January 6, 2013, Mr. Wilson injured his neck, shoulder, and back when he fell from a ladder during the course and scope of his employment with appellant, Broadm-oor, L.L.C. Mr. Wilson sought treatment with an orthopedist, Dr. Michael Zeringue, which included physical therapy and steroid injections that did not alleviate the pain in his lower back, which was “radiating down his right leg.”
In October of 2013, Dr. Zeringue referred Mr. Wilson to a neurosurgeon, Dr. Gabriel Tender, for evaluation for surgical options to relieve his pain. At that appointment, Mr. Wilson reported radiating pain in his right leg that interfered with his normal activities. In conjunction with the physical evaluation, Dr. Tender reviewed an MRI of Mr. Wilson’s back that showed “at L4-5 a combination of disc band osteophyte complex resulting in a foraminal stenosis bilaterally” and “a tiny disc protrusion at L5-S1 but without fora-minal compromise.”
On November 27, 2013, Dr. Michael Ze-ringue again saw Mr. Wilson, who complained of continued lower back and right leg pain. Dr. Zeringue diagnosed Mr. Wilson that day with “lumbar radiculitis.” On December 30, 2013, Mr. Wilson again presented to Dr. Zeringue with “an increase in his back pain,” for which Dr. Zeringue prescribed pain medications and physical therapy.
On January 6, 2014, Mr. Wilson began further physical therapy in an effort to alleviate his lower back and right leg pain. On February 5, 2014, Mr. Wilson again *465 presented to Dr. Zeringue with complaints of pain in his back that goes “down his right leg.”
On February 27, 2014, Dr. Tender filed a request with OWCA on LWC Form 1010 seeking authorization for Mr. Wilson to receive an L4 laminectomy. On March 7, 2014, after utilization review signed by David Bachman, M.D., Mr. Wilson’s request for surgery was denied on the basis that his case failed to meet Louisiana Workforce Commission Medical Treatment Guidelines[1] with “clear objective clinical evidence of radiculopathy.”
On March 14, 2014, Mr. Wilson sought review of this decision by the OWCA Medical Director by filing LWC Form 1009, as provided in La. R.S. 23:1203.1(J)(1).[2] On March 21, 2014, Dr. Christopher Rich, Medical Services 14Pirector for OWCA, upheld the denial of surgery, finding that “clinical indications have not been met” because “[sjubmitted records do not document radiculopathy and radiculitis on exam and no correlating imaging study or elec-tro-diagnostic study reports are submitted.” Dr. Rich’s denial stated that the “most recent record submitted from the treating provider is dated ... over 5 months” before the. Form 1010 was submitted.
On March 21, 2014, Mr. Wilson submitted to the OWCA his disputed claim for compensation on LWC Form 1008, seeking authorization for medical treatment recommended by Dr. Gabriel Tender, including the lumbar laminectomy, as well as statutory penalties, attorney fees, and costs.
On April 25, 2014, an expedited hearing was held to review the Medical Director’s decision. Broadmoor did not appear at that proceeding. At that proceeding, Mr. Wilson introduced his relevant medical records as well as copies of the relevant LWC Forms, including 1008, 1009, and 1010, that were filed in his case.
On April 28, 2014, in her judgment, the workers’ compensation judge found that Dr. Bachman was not licensed to practice medicine in Louisiana and thus, his utilization review was not competent evidence. Further, the workers’ compensation judge reversed Dr. Rich’s denial on the basis that “the medical evidence submitted ... constitutes clear and convincing evidence that the opinion of the Medical Review Director denying authorization for the L-4 laminectomy ... is manifestly erroneous.” Finally, the workers’ compensation judge ordered Broadmoor to authorize and pay for the requested surgery and necessary medical treatment “attendant thereto.”
Broadmoor filed the instant appeal seeking reversal of the workers’ compensation judge’s judgment and reinstatement of the *466 OWCA Medical ^Director’s denial of treatment. Mr. Wilson timely answered the appeal, seeking costs and attorney fees.

Law and Discussion

This Court has jurisdiction to hear direct appeals from administrative agency determinations in workers’ compensation matters under La. Const. Art. V § 10(A). See also La. R.S. 23:1310.5(A)(2). In so doing, this Court is “mindful of the jurisprudential tenet that workers’ compensation is to be liberally construed in favor of coverage.” Poissenot v. St. Bernard Parish Sheriff’s Office, 09-2793 (La.1/9/11), 56 So.3d 170, 174. We review factual findings under the manifest error standard of review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556.
An employer’s obligation to furnish medical treatment to an injured employee is governed by La. R.S. 23:1201 et seq. La. R.S. 23:1203.1(K) establishes that the decision of the OWCA Medical Director “may be overturned when it is shown, by clear and convincing evidence, the decision ... was not in accordance with the provisions of this Section.” The provisions in question state that all authorized medical treatment decisions must be in accordance with the medical treatment schedule (“MTS”) promulgated by the OWC. See La. R.S. 23:1203.1(1). Under this new treatment regime, all “medical care, services, and treatment due” shall mean “care, services, and treatment in accordance with the [MTS],” or any variance from the MTS that the OWC Medical Director deems to be “reasonably required to cure or relieve the injured worker from the effects of the .injury or occupational disease given the circumstances.” Id.
I. Appellant’s Assignments of Error
The appellant, Broadmoor, L.L.C., raises two assignments of error: first, the “lower court erred when it reversed the Medical Director’s decision to deny | ¿requested treatment when the supporting documentation did not meet the requirements of the medical guidelines,” and second, the “lower court did not apply the correct standard of review for a Medical Director’s decision.” Broadmoor’s contentions lack merit.
First, appellant argues that the workers’ compensation judge erred in when it “improperly excluded the Utilization Review initial report.” In its judgment, the workers’ compensation judge found that the Utilization Review signed by David Bach-man, M.D. was not competent evidence because Dr. Bachman is not licensed to practice medicine in Louisiana.
La. R.S. 37:1271, in relevant part, provides:
A. No person shall practice medicine as defined herein until he possesses a duly recorded license issued under this Part or a permit or registration as provided for herein.
B. (1) No person shall practice or attempt to practice medicine across state lines without first complying with the provisions of this Part and without being a holder of either an unrestricted license to practice medicine in Louisiana or a telemedicine license entitling him to practice medicine pursuant to R.S. 37:1276.1.
Further, The Office of Workers’ Compensation Administration’s Utilization Review rule, in particular, LAC 40:I.2705(D)(6)(a), reads, in pertinent part: “The carrier/self-insured employer shall use registered nurses for the initial review of recommended hospitalization. Registered nurses will use written criteria provided ... to assess proposed hospitalizations. Physicians must review all questionable cases and make the earn *467 er/'self-insured employer decisions on all denials of certifications.” (Emphasis added).
Thus, under OWCA’s rules, a physician must review all utilization review denials. We see no error in the trial court’s finding that the reviewing physician must be duly licensed in Louisiana for the physician’s findings to be received as competent evidence.
|7Next, appellant argues that the workers’ compensation judge did not apply the correct standard of review for a Medical Director’s decision. We disagree.
La. R.S. 23:1203.1(K) states that the decision of OWCA Medical Director “may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director or associate medical director was not in accordance with the provisions of this Section.”
In the instant case, the proceedings before the workers’ compensation judge consisted of a trial on the merits. The workers’ compensation judge received into evidence numerous pages of exhibits and acted as fact-finder. The evidence presented as trial revealed that Dr. Rich’s denial of the requested surgery was predicated upon his opinion that the records submitted to him contained only a clinical note from 5 months before the request and no medical imaging. In addition, Dr. Rich based his denial on his finding that Mr. Wilson’s submitted medical records “do not document radiculopathy or radiculitis on exam.”
Importantly, Dr. Rich’s denial does not mention either the L4-5 foraminal stenosis or L5-S1 herniation identified by Dr. Tender. At trial, Mr. Wilson introduced evidence that he presented to two physicians with radicular pain in the right leg that was not alleviated by steroid injections or physical therapy. An MRI of Mr. Wilson’s back showed stenosis at L4-5 and herniation at L5-S1.
The Office of Workers’ Compensation Administration’s Medical Treatment Guidelines, promulgated in La. Administrative Code § 40:I.2023(G)(3)(c), for Lumbar Laminectomy state, “Surgical Indications include all of the following: Primary radicular symptoms, radiculopathy and ra-diculitis on exam, correlating imaging study, and failure of non-surgieal care.” Given this information, the workers’ compensation judge could reasonably have concluded that the evidence presented at trial, which had been submitted to Dr. Rich, demonstrated that the 1 treatment requested by Dr. Tender was reasonably necessary under the medical treatment schedule, such that Dr. Rich’s denial of that treatment was clearly and convincingly wrong. Based on the record before this Court, we find no error in the judgment of the workers’ compensation judge.
II. Mr. Wilson’s Answer to the Appeal
In his answer to the appeal, the claimant, Travis Wilson, requests costs, including attorney fees incurred in defending this appeal.
“When the defendant in a workers’ compensation case appeals and obtains no relief, and when the appeal has necessitated additional work on the part of plaintiffs counsel, the appellate court usually awards an increase in attorney fees,” as long as the increase has been properly requested. Parker v. ADM Milling Co., 01-649 (La.App. 5 Cir. 11/27/01), 804 So.2d 120. In light of the extensive post-trial work, including briefing this appeal, we award an additional $2,000.00 in attorney fees for the successful defense of the appeal.

Conclusion

For the foregoing reasons, we affirm the workers’ compensation judge’s judgment, *468 reversing the OWCA Medical Director’s denial of medical treatment. Lastly, we award to Mr. Wilson the costs incurred and $2,000.00 in attorney fees for the successful defense of this appeal.

AFFIRMED

LILJEBERG, J., dissents without reasons.

. The Louisiana Legislature passed La. R.S. 23:1203.1 in 2009 and the Medical Treatment Guidelines became effective on July 13, 2011. The guidelines were adopted to assist with the medical, decision-making process for injured workers. See La. R.S. 23:1203.1(B).

. La. R.S. 23:1203.1(J)(1) provides: After a medical provider has submitted to the payor the request for authorization and the information required by the Louisiana Administrative Code, Title 40, Chapter 27, the payor shall notify the medical provider of their action on the request within five business days of receipt of the request. If any dispute arises after January 1, 2011, as to whether the recommended care, services, or treatment is in accordance with the medical treatment schedule, or whether a variance from the medical treatment schedule is reasonably required as contemplated in Subsection I of this Section, any aggrieved party shall file, within fifteen calendar days, an appeal with the office of workers' compensation administration medical director or associate medical director on a form promulgated by the director. The medical director or associate medical director shall render a decision as soon as is practicable, but in no event, not more than thirty calendar days from the date of filing.